**IN THE UNITED STATE DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **Sheila Robinson-Walton,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **C.A. No.: 2:23-cv-01932-BHH-KDW** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Suri Industries Inc.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### ANSWER TO COMPLAINT

Defendant, Suri Industries Inc ("Suri" or "Defendant"), responds to Plaintiff's Complaint as follows:

### FOR A FIRST DEFENSE

With regard to the specific allegations contained in the Complaint, Defendant responds to each separately numbered paragraph below. Defendant denies all allegations and inferences of the Complaint that are not expressly admitted in this Answer, denies acting unlawfully with respect to Plaintiff, and denies causing any recoverable damage to Plaintiff, as alleged in the Complaint.[1]

---

[1] Plaintiff includes a "Nature of Claim" section before Paragraph 1 of the Complaint. The allegations in this section of the Complaint are solely legal conclusions and opinions to which no responsive pleading is required; however, to the extent Defendant is required to respond to these allegations, Defendant admits or denies the same in a manner consistent with the remaining Paragraphs of this Answer and expressly denies any allegation or inference of unlawful or improper action by Defendant. Defendant responds further by noting that it does not contest the propriety of jurisdiction or venue in this Court following removal of the action to this Court.

## RESPONSE TO ALLEGED PARTIES AND JURISDICTION

1.      Plaintiff Robinson-Walton is a resident of Dalzell, South Carolina which is located in Sumter County. At all times relevant to this complaint Plaintiff was employed by Suri.

**RESPONSE:  With respect to the allegations in Paragraph 1 of the Complaint, Defendant admits that Suri previously employed Plaintiff.  Defendant is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint and, therefore, denies the same.**

2.      Defendant, Suri is a for-profit South Carolina corporation, registered with the South Carolina Secretary of State and doing business in this state.

**RESPONSE: Defendant admits the allegations in Paragraph 2 of the Complaint.**

3.      At all times, relevant herein, Defendant Suri employed Plaintiff and numerous other employees to work on their behalf in providing labor for their financial benefit.

**RESPONSE: With respect to the allegations in Paragraph 3 of the Complaint, Defendant states that it employed Plaintiff and other employees.  Defendant denies the remaining allegations in Paragraph 3 of the Complaint as stated.**

4.      At all times relevant to this complaint, Defendant employed over fifteen (15) employees.

**RESPONSE:  Defendant admits the allegations in Paragraph 4 of the Complaint upon information and belief.**

5.      Venue is proper in this judicial circuit because the Defendant has conducted substantial and continuous business in Clarendon County. Additionally, the violations of federal law giving rise to Plaintiff's claims were committed in Clarendon County.

**RESPONSE**: The allegations in Paragraph 5 of the Complaint are solely legal conclusions and opinions to which no responsive pleading is required; however, to the extent Defendant is required to respond to these allegations, Defendant admits or denies the same in a manner consistent with the remaining Paragraphs of this Answer and expressly denies any allegation or inference of unlawful or improper action by Defendant. Defendant responds further by noting that it does not contest the propriety of jurisdiction or venue in this Court following removal of the action to this Court.

6.     Plaintiff has exhausted her administrative remedies, having utilized the employer's internal grievance mechanisms and filed the appropriate complaints with the U.S. Equal Employment Opportunity Commission (EEOC) and South Carolina Department of Human Affairs Commission ("SCHAC").

**RESPONSE**: Defendant admits the allegations in Paragraph 6 of the Complaint upon information and belief.

7.     Within 300 days of the unlawful employment practices complained of here, Robinson-Walton filed charges with the EEOC and SCHAC.

**RESPONSE**: Defendant admits the allegations in Paragraph 7 of the Complaint upon information and belief.

8.     On or about September 14, 2021, Robinson-Walton filed a charge of discrimination, harassment and disparate treatment based upon her sex and race with the EEOC and SCHAC. *EEOC # Charge No. 14C-2021-01058, SCHAC # 4-21029R,S.*

**RESPONSE**:  Defendant admits the allegations in Paragraph 8 of the Complaint.

9.     On November 10, 2021, two (2) days after Defendant learned that Plaintiff had filed charges with the EEOC and SCHAC, the Defendant terminated Plaintiff and her husband Hayward Walton, ("Hayward") who was also employed by the Defendant.

**RESPONSE:  Defendant denies the allegations in Paragraph 9 of the Complaint.**

10.     On or about November 29, 2022, Robinson-Walton filed additional charges of discrimination and retaliation with the EEOC and SCHAC based upon her sex and race. *EEOC Charge No. 14C-2022-00346, SHAC # 1-22-40RET.*

**RESPONSE: With respect to the allegations in Paragraph 10 of the Complaint, Defendant states that Plaintiff filed a charge of discrimination on February 4, 2022, upon information and belief.  Defendant denies the remaining allegations in Paragraph 10 of the Complaint.**

11.     The matters were investigated by SCHAC and the EEOC resulted in a Determination of Cause finding. (Exhibit 1).

**RESPONSE:  With respect to the allegations in Paragraph 11 of the Complaint, Defendant admits that a Determination of Cause finding was issued as to the charge filed on February 4, 2022 (*EEOC Charge No. 14C-2022-00346, SHAC # 1-22-40RET*). Defendant denies the remaining allegations in Paragraph 11 of the Complaint.**

12.     Defendant was provided an opportunity for conciliation.

**RESPONSE:  With respect to the allegations in Paragraph 12 of the Complaint, Defendant admits that a Determination of Cause finding was issued as to the charge filed on February 4, 2022 (*EEOC Charge No. 14C-2022-00346, SHAC # 1-22-40RET*) and the South Carolina Human Affairs Commission proposed conciliation.  Defendant denies the remaining allegations in Paragraph 12 of the Complaint.**

13.     The acting District Director, Carmen M. Whaling of the EEOC signed Robinson-Walton's Notice of Right to Sue Letter on October 11, 2022. (Exhibit 2). Robinson-Walton received the ("RTS") several days later.

**RESPONSE:  With respect to the allegations in Paragraph 13 of the Complaint, Defendant admits that a right to sue notice was issued as to the charge filed on February 4, 2022 (*EEOC Charge No. 14C-2022-00346, SHAC # 1-22-40RET*).  Defendant is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint and, therefore, denies the same.**

14.     Robinson-Walton has timely filed this action within ninety (90) days of the date she received her RTS letter from the EEOC.

**RESPONSE:  Defendant admits the allegations in Paragraph 14 of the Complaint.**

15.     Based upon the above, jurisdiction and venue are proper in this Court.

**RESPONSE:  The allegations in Paragraph 15 of the Complaint are solely legal conclusions and opinions to which no responsive pleading is required; however, to the extent Defendant is required to respond to these allegations, Defendant admits or denies the same in a manner consistent with the remaining Paragraphs of this Answer and expressly denies any allegation or inference of unlawful or improper action by Defendant. Defendant responds further by noting that it does not contest the propriety of jurisdiction or venue in this Court following removal of the action to this Court.**

**RESPONSE TO ALLEGED STATEMENT OF FACTS**

16.     Suri manufactures green water filtration products. The plant where the products are manufactured is located at 2678 Ram Bay Rd, in Manning, South Carolina.

**RESPONSE:  Defendant admits the allegations in Paragraph 16 of the complaint.**

17.     Upon information and belief, Suri has other locations in the United States and Canada.

**RESPONSE:  Defendant denies the allegations in Paragraph 17 of the Complaint.**

18.     Robinson-Walton is an African American female. She is sixty (60) years old; her date of birth is July 2, 1962.

**RESPONSE:  Defendant admits the allegations in Paragraph 18 of the Complaint upon information and belief.**

19.     Robinson-Walton was hired by the Defendant on May 7, 2015, to work as a laborer for nine dollars ($9.00) an hour.

**RESPONSE: Defendant admits the allegations in Paragraph 19 of the Complaint.**

20.     Her primary duties were to assemble water filters.

**RESPONSE:  With respect to the allegations in Paragraph 20 of the Complaint, Defendant admits that Plaintiff assembled water filters upon hire but later became a supervisor.  Defendant denies the remaining allegations in Paragraph 20 of the Complaint.**

21.     At all times relevant to this complaint, Robinson-Walton met the Defendant's legitimate job expectations.

**RESPONSE:  Defendant denies the allegations in Paragraph 21 of the Complaint.**

22.     Robinson-Walton was a model employee, she received numerous promotions and pay raises throughout her employment.

**RESPONSE:  With respect to the allegations in Paragraph 22 of the Complaint, Defendant admits that Plaintiff received some promotions and raises throughout her employment.   Defendant denies the remaining allegations in Paragraph 22 of the Complaint.**

23.     Approximately six (6) months after she was hired, Robinson-Walton was promoted to team lead and was given a two dollar ($2.00) raise to eleven dollars ($11.00) an hour.

**RESPONSE:  Defendant admits the allegations in Paragraph 23 of the Complaint.**

24.     Sometime in 2017, Robinson-Walton was promoted to supervisor and given a raise to thirteen dollars ($13.00) an hour.

**RESPONSE:  Defendant admits the allegations in Paragraph 24 of the Complaint.**

25.     September 20, 2019, Robinson-Walton was promoted to Assistant Plant Manager and given a raise to $14.00 an hour.

**RESPONSE: Defendant admits the allegations in Paragraph 25 of the Complaint.**

26.     Through-out her employment, Robinson-Walton received positive evaluations that she met and exceeded the Defendant's expectations.

**RESPONSE: Defendant denies the allegations in Paragraph 24 of the Complaint.**

27.     Upon information and belief, Ramesh Suri ("Ramesh") and Reza are the owners of Suri.

**RESPONSE:  With respect to the allegations in Paragraph 27 of the Complaint, Defendant admits that Ramesh Suri and Asha Suri are the owners of Defendant. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.**

28.     Their primary residence is in Canada; however, they frequently traveled to the Manning location.

**RESPONSE: Defendant admits the allegations in Paragraph 28 of the Complaint.**

29.     When Reza and Ramesh traveled to the Manning plant they asked Robinson-Walton and Hayward to transport them to and from the airport.

**RESPONSE: With respect to the allegations in Paragraph 29 of the Complaint, Defendant admits that Ramesh and Reza asked Plaintiff and Hayward Walton to transport them to and from the airport on occasion.  Defendant denies the remaining allegations in Paragraph 29 of the Complaint.**

30.     Robinson-Walton and Hayward complied with their request even though it required them to drive several hours on their days off.

**RESPONSE: With respect to the allegations in Paragraph 30 of the Complaint, Defendant admits that Ramesh and Reza asked Plaintiff and Hayward Walton to transport them to and from the airport on occasion, and that sometimes this may have been on Plaintiff's and Hayward Walton's day off but Defendant paid Plaintiff and Hayward Walton to do so. Defendant denies the remaining allegations in Paragraph 30 of the Complaint.**

31.     There were camera's through-out the Manning location which enabled Ramesh and Reza to see in real time on their cell phones what was occurring at the plant.

**RESPONSE:  Defendant admits the allegations in Paragraph 31 of the Complaint.**

32.     Ramesh and Reza often made comments to Robinson-Walton and others indicating that they were constantly watching them.

**RESPONSE:  Defendant denies the allegations in Paragraph 32 of the Complaint as stated.**

33.     Ramesh and Reza frequently praised Robinson-Walton's performance.

**RESPONSE: Defendant denies the allegations in Paragraph 33 of the Complaint.**

34.     On Friday July 2, 2021, Robinson-Walton's supervisor, Plant Manager Barbara Judy ("Judy" or "Supervisor") organized a "birthday surprise" at work for Robinson-Walton's birthday which involved sex-based ridicule and insult.

**RESPONSE:  With respect to the allegations in Paragraph 34 of the Complaint, Defendant admits only that Judy held a birthday celebration for Plaintiff and other employees who had birthdays around the same time as Plaintiff. Defendant denies the remaining allegations in Paragraph 34 of the Complaint.**

35.     The birthday surprise that Judy organized was not welcomed by Robinson-Walton.

**RESPONSE:  Defendant denies the allegations in Paragraph 35 of the Complaint.**

36.     The birthday surprise took place in front of all the employees working in the plant on that day.

**RESPONSE:  Defendant denies the allegations in Paragraph 36 of the Complaint upon information and belief.**

37.     Judy and new employee Lori Burgess took Robinson-Walton into the restroom and wrapped her in crepe paper and put a crown on her head.

**RESPONSE: Defendant denies the allegations in Paragraph 37 of the Complaint upon information and belief.**

38.     They then paraded Robinson-Walton into the break room for the entire staff to see.

**RESPONSE: Defendant denies the allegations in Paragraph 38 of the Complaint upon information and belief.**

39.     In the break room was a large banner which had large handwritten letters stating, "BIRTHDAY BITCH".

**RESPONSE: Defendant denies the allegations in Paragraph 39 of the Complaint.**

40.     Robinson-Walton was humiliated and embarrassed because all the employees working in the plant were staring and laughing at her.

**RESPONSE:  Defendant is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Complaint and, therefore, denies the same.**

41.     Robinson-Walton's Supervisor publicly humiliated and degraded her by hanging a large banner in the breakroom that referred to Plaintiff as a bitch.

**RESPONSE:  Defendant denies the allegations in Paragraph 41 of the Complaint.**

42.     "Bitch" is a female dog. The word is used as a sexist slur that demeans women.

**RESPONSE:  With respect to the allegations in Paragraph 42 of the Complaint, Defendant states that it is aware of how the word "bitch" is commonly defined.  However, Defendant denies the remaining allegations in Paragraph 42 of the Complaint as stated and expressly denies any allegation or inference of unlawful or improper action by Defendant.**

43.     The word "bitch" in popular culture is most often used in reference to the following: 1) to a despicable woman; 2) a sexually submissive person; and/or 3) someone who is difficult and unpleasant.

**RESPONSE:  With respect to the allegations in Paragraph 43 of the Complaint, Defendant states that it is aware of how the word "bitch" is commonly defined.  However, Defendant denies the remaining allegations in Paragraph 43 of the Complaint as stated and expressly denies any allegation or inference of unlawful or improper action by Defendant.**

44.     Robinson-Walton made it clear that the banner was unwelcome and she was offended and insulted by the banner.

**RESPONSE:  Defendant denies the allegations in Paragraph 44 of the Complaint.**

45.     By hanging a banner in the breakroom that referred to Robinson-Walton as a "bitch", Judy created an abusive and hostile working environment for Plaintiff.

**RESPONSE: Defendant denies the allegations in Paragraph 45 of the Complaint.**

46.     Later that day, Robinson-Walton verbally complained to Reza about the banner.

**RESPONSE**: Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Reza told Robinson-Walton that he had seen the banner; nevertheless, he completely dismissed Robinson-Walton's concerns.

**RESPONSE**: Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Reza told Robinson-Walton that he was not going to get involved because it was a personal issue between Robinson-Walton and Judy.

**RESPONSE**: Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     After she complained to Reza, he treated her differently by not responding to Robinson-Walton's job-related calls. This made it extremely difficult to perform her job.

**RESPONSE**: Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Robinson-Walton also complained to Ramesh about the banner. Ramesh told her "Oh it's okay." Plaintiff responded "No, it wasn't." Ramesh did not respond after that.

**RESPONSE**: Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Notwithstanding her multiple complaints, the Defendant allowed the banner to remain hung-up in the breakroom for approximately 14 days. Eventually the banner was taken down. Robinson-Walton does not who took the banner down.

 **RESPONSE**:  Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and, therefore, denies the same.

52.     By refusing to remove the banner hanging in the breakroom for 14 days, Judy, Reza, Ramesh, and the Company engaged in unlawful intentional harassment with malice and with reckless indifference to Plaintiff's federally protected rights.

**RESPONSE**:  Defendant denies the allegations in Paragraph 52 of the Complaint.

53.    Hayward, who was also a long-term employee, defended his wife by expressing his opposition of the banner.

**RESPONSE: Defendant denies the allegations in Paragraph 53 of the Complaint.**

54.    Hayward complained to Reza about the banner.

**RESPONSE: Defendant denies the allegations in Paragraph 54 of the Complaint.**

55.    Hayward also complained to his Supervisor Nevil Brown.

**RESPONSE: Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and, therefore, denies the same.**

56.    Hayward also complained to co-workers about the banner.

**RESPONSE:  Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and, therefore, denies the same.**

57.    Reza, Ramesh and the Company failed to exercise reasonable care to prevent and correct Judy's harassing behavior towards Robinson-Walton.

**RESPONSE: Defendant denies the allegations in Paragraph 57 of the Complaint.**

58.    Despite her multiple complaints, Reza, Ramesh and the Company failed to take remedial measures with respect to the banner.

**RESPONSE: Defendant denies the allegations in Paragraph 58 of the Complaint.**

59.    Reza, Ramesh and the Company also failed to take any preventive or corrective measures with respect to Judy's harassing behavior towards Plaintiff.

**RESPONSE: Defendant denies the allegations in Paragraph 59 of the Complaint.**

60.    On July 22, 2021, Robinson-Walton emailed Reza a written complaint about the incident and the banner. She wrote:

I hope that as a business owner you understand the effects of such negative statements brings down the morale of the entire staff and makes my job as Assistant Plant Manager almost impossible to perform when the staff sees me as a "bitch" when attempting to train them to perform their duties or correct them in their performance of their duties at your work site.

**RESPONSE:  Defendant denies the allegations in Paragraph 60 of the Complaint.**

61.     Reza never responded to Robinson-Walton's written complaint.

**RESPONSE:  Defendant denies the allegations in Paragraph 61 of the Complaint.**

62.     The banner in the breakroom that referred to Plaintiff as a bitch was sufficiently severe to alter the conditions of Robinson-Walton's employment and create a hostile work environment.

**RESPONSE: Defendant denies the allegations in Paragraph 62 of the Complaint.**

63.     The banner created a hardship for Plaintiff to train and supervise other employees. As a result of the banner, Plaintiff was treated with disrespect and contempt by many employees that she supervised.

**RESPONSE: Defendant denies the allegations in Paragraph 63 of the Complaint.**

64.     For instance, when Robinson-Walton would delegate tasks to some of the employees they disregarded her. This made Robinson-Walton's job more difficult because she had to do the tasks that that they employees refused to do.

**RESPONSE: Defendant denies the allegations in Paragraph 64 of the Complaint.**

65.     Consequently, on or about September 14, 2021, Robinson-Walton filed a charge of discrimination, harassment and disparate treatment based upon her sex and race with the EEOC and SCHAC. *EEOC # Charge No. 14C-2021-01058, SCHAC # 4-21029R,S.*

**RESPONSE: With respect to the allegations in Paragraph 65 of the Complaint, Defendant states that Plaintiff filed a charge of discrimination on October 7, 2021, upon**

**information and belief. Defendant denies the remaining allegations in Paragraph 65 of the Complaint.**

66.    Defendant learned that Robinson-Walton filed charges against the Company on or about November 8, 2021.

**RESPONSE: Defendant admits the allegations in Paragraph 66 of the Complaint.**

67.    Just two days after Reza, Ramesh and the Company learned that Robinson-Walton filed charges, they suddenly and unexpectedly terminated Plaintiff and Hayward on November 10, 2021.

**RESPONSE: Defendant denies the allegations in Paragraph 67 of the Complaint.**

68.    On November 10, 2021, Ramesh wrote a letter titled "LAYOFF NOTICE" which stated:

> Sheila Robinson Walton was put on our ON CALL LIST as of 10 November 2021. The length of this status is undetermined at this time. Her last day of work was 10 November 2021.

**RESPONSE: With respect to the allegations in Paragraph 68 of the Complaint, Defendant admits that it sent Plaintiff a notice, dated November 10, 2021, which speaks for itself. Defendant denies the remaining allegations in Paragraph 68 of the Complaint as stated and expressly denies any allegation or inference of unlawful or improper action by Defendant.**

69.    Also on November 10, 2021, Judy told Robinson-Walton that the Company had experienced a decline in production therefore the Company was providing several other employees with Layoff notice and was placing them on the On Call List.

**RESPONSE: Defendant admits the allegations in Paragraph 69 of the Complaint.**

70.     Judy showed Robinson-Walton a written list of other employees that Defendant was providing Layoff Notice to and was placing on a call list because the Company's production had declined.

**RESPONSE: Defendant admits the allegations in Paragraph 70 of the Complaint.**

71.     The Defendant's claim that they were laying off Plaintiff and Hayward with other employees due to a decline in production was complete fabrication. Reza, Ramesh and the Company made-up these claims so they could cover-up their retaliatory motives for terminating Plaintiff and Hayward.

**RESPONSE: Defendant denies the allegations in Paragraph 71 of the Complaint.**

72.     Robinson-Walton and Hayward were the only employees terminated. All the other employees that were placed on the On Call List were brought back to work except for Plaintiff and Hayward.

**RESPONSE: Defendant denies the allegations in Paragraph 72 of the Complaint.**

73.     On Monday November 15, 2021, Robinson-Walton and Hayward went to the plant to retrieve personal items from their lockers and they saw that all the other employees who were supposedly laid off were still working.

**RESPONSE: Defendant denies the allegations in Paragraph 73 of the Complaint.**

74.     Moreover, the SCHAC investigated the Defendant's proffered reason for terminating Robinson-Walton and Hayward and made the following Determination:

> The totality of the circumstances in this case, including, among other considerations, [Defendant's] inconsistent explanations, the timing of events, and the fact that [Plaintiff] and her husband are the only employees that were never called back to work after [Defendant's] proclaimed layoff, demonstrate that the reasons [Defendant] offered for its actions are pretext to cover retaliatory motive. (Exhibit 2)

**RESPONSE: With respect to the allegations in Paragraph 74 of the Complaint, Defendant admits that it SCHAC made a determination, but denies that the determination**

15

**is correct on either a factual or legal basis. Defendant denies the remaining allegations in Paragraph 74 of the Complaint as stated and expressly denies any allegation or inference of unlawful or improper action by Defendant.**

75.     The Defendant's claim that they terminated Plaintiff due to the business slowing down was false. The true reason they terminated Plaintiff was to retaliate against her because she filed a charge against the company with the EEOC and SCHAC.

**RESPONSE: Defendant denies the allegations in Paragraph 75 of the Complaint.**

76.     By terminating Plaintiff two days after they learned Plaintiff filed a charge of discrimination and harassment against them, Reza, Ramesh, and the Company engaged in unlawful intentional harassment with malice and with reckless indifference to Plaintiff's federally protected rights.

**RESPONSE: Defendant denies the allegations in Paragraph 76 of the Complaint.**

77.     After her termination, Plaintiff filed additional charges against the Defendant with the EEOC and SCHAC for retaliation.

**RESPONSE:  With respect to the allegations in Paragraph 77 of the Complaint, Defendant states that Plaintiff filed a charge of discrimination on February 4, 2022, upon information and belief, which speaks for itself.  Defendant denies the remaining allegations in Paragraph 77 of the Complaint.**

78.     After her retaliatory termination, Robinson-Walton suffered extreme emotional distress. She had trouble sleeping and suffered from extreme anxiety.

**RESPONSE: Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint and, therefore, denies the same.**

79.    Robinson-Walton was unable to find a comparable position and suffered from extreme financial hardship.

**RESPONSE: Defendant is without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint and, therefore, denies the same.**

80.    Moreover, the Defendant's termination of Hayward was also a retaliatory act against Plaintiff because in addition to losing her own wages, her household also lost Hayward's wages.

**RESPONSE: Defendant denies the allegations in Paragraph 80 of the Complaint.**

## RESPONSE TO FIRST CAUSE OF ACTION
*Alleged Harassment/Hostile Work Environment Based on Sex -*
*Violation of Title VII*

81.    Plaintiff incorporates all allegations above into this cause of action.

**RESPONSE: In response to Paragraph 81 of the Complaint, Defendant incorporates all responses set forth above.**

82.    Defendant, at all times relevant hereto had actual and constructive knowledge of the conduct described herein.

**RESPONSE: Defendant denies the allegations in Paragraph 82 of the Complaint.**

83.    Defendant failed to take all reasonable steps to prevent the sexual harassment from occurring.

**RESPONSE: Defendant denies the allegations in Paragraph 83 of the Complaint.**

84.    Defendant violated Title VII, by failing to adequately supervise, control, or discipline and/or otherwise penalize the harassing conduct of Plaintiff's Supervisor.

**RESPONSE: Defendant denies the allegations in Paragraph 84 of the Complaint.**

85.    Defendant failed to take all reasonable steps to protect Plaintiff from retaliation.

54671197.v1-OGLETREE

**RESPONSE:  Defendant denies the allegations in Paragraph 85 of the Complaint.**

86.     Defendant has allowed Plaintiff's Supervisor to ridicule, humiliate and demean her in front of all the employees in the plant.

**RESPONSE: Defendant denies the allegations in Paragraph 86 of the Complaint.**

87.     Defendant sanctioned and exacerbated the harassment by allowing the banner to remain in the breakroom for 14 days after Plaintiff complained.

**RESPONSE: Defendant denies the allegations in Paragraph 87 of the Complaint.**

88.     Defendant intentionally and willfully refused to take remedial measures to protect Plaintiff.

**RESPONSE: Defendant denies the allegations in Paragraph 88 of the Complaint.**

89.     As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered and is continuing to suffer mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

**RESPONSE: Defendant denies the allegations in Paragraph 89 of the Complaint.**

90.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of the employment relationship and has thereby incurred, and will continue to incur, legal fees and costs.

**RESPONSE: Defendant denies the allegations in Paragraph 90 of the Complaint.**

91.     Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously, and with utter disregard for Plaintiff's federal rights, therefore, Plaintiff is entitled to recover punitive damages.

**RESPONSE: Defendant denies the allegations in Paragraph 91 of the Complaint.**

92.    As a direct and proximate result of Defendant's conduct described herein, Plaintiff has been damaged and is entitled to injunctive relief and compensation.

**RESPONSE: Defendant denies the allegations in Paragraph 92 of the Complaint.**

## RESPONSE TO SECOND CAUSE OF ACTION
### *Retaliation - Violation of Title VII*

93.    Plaintiff incorporates all allegations above into this cause of action.

**RESPONSE: In response to Paragraph 93 of the Complaint, Defendant incorporates all responses set forth above.**

94.    As herein alleged, Defendant illegally retaliated against Plaintiff by terminating her and her spouse because she filed charges with the SCHAC and the EEOC against the Defendant.

**RESPONSE: Defendant denies the allegations in Paragraph 94 of the Complaint.**

95.    Plaintiff engaged in protected activity by filing charges against the Defendant for harassment based on her sex with the SCHAC and the EEOC.

**RESPONSE: The allegations in Paragraph 95 of the Complaint are solely legal conclusions and opinions to which no responsive pleading is required; however, to the extent Defendant is required to respond to these allegations, Defendant admits or denies the same in a manner consistent with the remaining Paragraphs of this Answer and expressly denies any allegation or inference of unlawful or improper action by Defendant.**

96.    As a result of her protected activity, the Defendant took adverse action against her by terminating her.

**RESPONSE: Defendant denies the allegations in Paragraph 96 of the Complaint.**

97.     Defendant terminated Plaintiff within two days of learning that Plaintiff filed charges against them with the EEOC and SCHAC.

**RESPONSE:  Defendant denies the allegations in Paragraph 97 of the Complaint.**

98.     A causal relationship existed between Plaintiff's protected activity and her termination.

**RESPONSE: Defendant denies the allegations in Paragraph 98 of the Complaint.**

99.     As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against her, Plaintiff has suffered and will continue to suffer mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

**RESPONSE: Defendant denies the allegations in Paragraph 99 of the Complaint.**

100.     Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously, and with utter disregard for Plaintiff's federal rights, therefore, Plaintiff is entitled to recover punitive damages.

**RESPONSE: Defendant denies the allegations in Paragraph 100 of the Complaint.**

101.     As a direct and proximate result of Defendant's conduct described herein, Plaintiff has been damaged and is entitled to injunctive relief and compensation.

**RESPONSE: Defendant denies the allegations in Paragraph 101 of the Complaint.**

**RESPONSE TO PRAYER FOR RELIEF**

In response to prayer for relief set forth in the WHEREFORE Paragraph immediately following Paragraph 101 of the Complaint (including subparagraphs A. through H. thereunder), Defendant denies all allegations contained therein and further denies Plaintiff is entitled to the relief prayed for or to any relief whatsoever.  Defendant requests that Plaintiff take nothing by

way of her Complaint and that Defendant be awarded its costs and expenses, including attorneys' fees, incurred as a result of Plaintiff's Complaint.

### ADDITIONAL DEFENSES AND AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendants and are Plaintiff's burden to prove.

102.    Some or all of Plaintiff's claims must be dismissed to the extent they fail to state a claim upon which relief can be granted.

103.    Some or all of Plaintiff's claims must be dismissed to the extent they are barred in whole or in part by the doctrine of laches, express or implied consent, estoppel, waiver, unclean hands, due diligence, accord and satisfaction, release, or some combination thereof.

104.    Plaintiff's claims are barred, in whole or in part, to the extent such claims are not timely under the applicable statutes of limitation, statutes of repose, or both.

105.    Plaintiff's claims must be dismissed because she has not suffered any actionable harm.

106.    Any damages sustained by Plaintiff—the existence of which Defendant expressly denies—are barred to the extent Plaintiff failed/fails to mitigate her damages, and all claims asserted by Plaintiff must be offset, barred, or reduced by wages, commissions, compensation, pay, earnings, remunerations, profits, and benefits that Plaintiff has received, regardless of form, or which Plaintiff could have earned or received with the exercise of reasonable diligence.

107.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's claimed damages were caused by her own actions or failure to act.

108.     Plaintiff's claims are barred, in whole or in part, by the doctrines of set-off, offset, and/or recoupment.

109.     To the extent Plaintiff seeks a double recovery for any alleged single wrong, she must elect her remedy.

110.     Plaintiff's claims are barred to the extent they exceed the scope of the charge of discrimination she filed with the EEOC.

111.     All actions taken by Defendant regarding Plaintiff's employment or affecting Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons.

112.     To the extent Plaintiff alleges she has suffered emotional or physical harm damages that arose out of or during the scope of her employment with Defendant, such damages are preempted by and subject to the exclusive remedy provision of the South Carolina Workers' Compensation Act, S.C. Code Ann. § 42-1-540.

113.     Plaintiff cannot establish that her alleged protected activity was a "but-for" cause of any alleged adverse employment action.

114.     Even if any of the allegations of improper conduct in the Complaint are found to have merit—which Defendant denies—such acts were not sufficiently severe or pervasive to create an abusive or hostile work environment.

115.     At all times, Defendant's actions were lawful, justified, and made in good faith.

116.     Some or all of Plaintiff's claims are barred to the extent they are beyond the scope of Plaintiff's administrative charge.

117.     Defendant exercised reasonable care to prevent a hostile environment and correct promptly any discriminatory or harassing behavior.

118.    Plaintiff is not entitled to some or all of the relief requested in the Complaint because Defendant's actions were not malicious, egregious, in bad faith, or in willful or reckless indifference or disregard of any legal rights of Plaintiff.

119.    To the extent any unlawful conduct is found to have been committed by any agent of Defendant, Defendant should not be held liable because the conduct was outside the scope of the agent's employment, and the agent did not act with express or implied authority, and Defendant did not ratify or approve any unlawful conduct.

120.    Plaintiff is not entitled to recover compensatory or punitive damages because Defendant at all times demonstrated good faith efforts to comply with relevant law related to the challenged actions and none of Defendant's challenged actions were intended to cause injury to Plaintiff.

121.    Any imposition of punitive damages in this case would contravene Defendant's constitutional right to substantive and procedural due process of law under the Fifth Amendment of the Constitution of the United States.

122.    Plaintiff is not entitled to recover punitive damages from Defendant, as any award of punitive or exemplary damages would violate Defendant's rights to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution.

123.    The allegations of Plaintiff's Complaint are insufficient to entitle her to punitive damages.

124.    Plaintiff's request for punitive damages violates both the Fifth and Fourteenth Amendments of the United States Constitution in that the jury's discretion to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

125.    The Complaint sets forth claims that are frivolous, unreasonable, or without foundation, thus entitling Defendant to recover its attorneys' fees associated with defending against such claims.

126.    Defendant reserves the right to assert additional affirmative defenses and other defenses as may appear applicable during the course of this litigation.

127.    Upon discovery of sufficient facts, Defendant reserves the right to raise the defense of "after-acquired evidence."

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays the Complaint be dismissed in its entirety, with prejudice, and that Defendant be awarded its attorneys' fees, costs incurred, and such other and further relief as this Honorable Court deems just necessary, equitable, and proper.

Dated this 10th day of May, 2023.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.

By:    /s/ S. Michael Nail
       S. Michael Nail (Fed. ID 12479)
       300 North Main Street, Suite 500
       Greenville, South Carolina 29601
       Phone: (864) 271-1300
       Fax: (864) 235-8806
       michael.nail@ogletree.com

       Attorneys for Defendant